UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

ANDRE JENKINS a/k/a Little Bear, TIMOTHY
ENIX a/k/a Blaze, FILIP CARUSO a/k/a Filly,
EDGAR DEKAY, II a/k/a Ed a/k/a Special Ed,
JASON WILLIAMS a/k/a Toop, THOMAS
KOSZUTA a/k/a Kazoo, GREGORY WILLSON
a/k/a Flip, EMMETT GREEN, ROBERT
OSBORNE, JR., STANLEY OLEJNICZAK,
JACK WOOD a/k/a Jake a/k/a Snake, RYAN
MYRTLE, GLEN STACHARCZYCK a/k/a Turbo,

Defendants,

DAVID PIRK, THOMAS SCANLON a/k/a Tom,
SEAN MCINDOO a/k/a Professor,

Defendants-Appellants.
_____

**DECISION AND ORDER**

1:15-CR-00142 EAW



## INTRODUCTION

The above-captioned matter involves 12 remaining defendants[1] named in a 46-count Second Superseding Indictment (Dkt. 33) ("Indictment") returned on March 16, 2016, alleging various crimes, including a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), in connection with the operation of the Kingsmen Motorcycle Club ("KMC").

---

[1] Four Defendants—Edgar Dekay, II a/k/a Ed a/k/a Special Ed (Dkt. 412), Thomas Koszuta a/k/a Kazoo (Dkt. 296), Emmett Green (Dkt. 257), and Ryan Myrtle (Dkt. 330)—have pleaded guilty.

Currently pending before the Court are the appeals of Defendants David Pirk ("Pirk"), Thomas Scanlon ("Scanlon"), and Sean McIndoo ("McIndoo") from Magistrate Judge Michael J. Roemer's Decision and Order (Dkt. 568) regarding non-dispositive pretrial motions. For the reasons discussed below, the Court denies the appeals, except to the extent that the appeals by Scanlon and McIndoo challenge Magistrate Judge Roemer's decision to deny the unsealing of the search warrant affidavit, on which the Court reserves decision and schedules oral argument for August 16, 2017, to immediately follow the status conference at 11:00 A.M. on that date.

## BACKGROUND

The Court initially referred all pretrial matters to Magistrate Judge Michael J. Roemer, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. 35). In an effort to promote the expeditious handling of the pretrial motions, the undersigned subsequently terminated the referral to Magistrate Judge Roemer of many of the pretrial motions, including motions to dismiss, for bills of particulars, and for severance. (Dkt. 446; Dkt. 473; Dkt. 534). Magistrate Judge Roemer agreed to decide all non-dispositive discovery motions and issue a report and recommendation on each suppression motion. (Dkt. 436).

On December 7, 2016, Scanlon filed an omnibus pretrial motion, requesting, *inter alia*, the unsealing of the search warrant affidavit submitted in support of search warrants executed at the residence of co-defendant Jack Wood and six KMC clubhouses. (Dkt. 385 at 33-37). On January 10, 2017, the Government responded in opposition to Scanlon's motion. (Dkt. 437). On February 3, 2017, Scanlon filed a reply. (Dkt. 476).

On December 7, 2016, McIndoo filed an omnibus pretrial motion. (Dkt. 383). On January 11, 2017, he moved to join in the motions of his co-defendants (including Pirk and Scanlon)[2] to unseal the search warrant affidavit. (Dkt. 438). On January 20, 2017, the Government responded in opposition to McIndoo's motion for discovery. (Dkt. 454). McIndoo replied on February 3, 2017, (Dkt. 475), and the Government filed an additional response in opposition to the remainder of his pretrial motions on February 10, 2017. (Dkt. 492).

On January 9, 2017, Pirk filed his omnibus pretrial motion, requesting, *inter alia*, disclosure of *Brady* material arising from the Government's prior investigation of the Chosen Few, a rival motorcycle club, from 2006 to 2008. (Dkt. 434 at ¶¶ 127-39). On February 6, 2017, the Government filed a response in opposition to Pirk's motion. (Dkt. 483 at 35-38). On March 22, 2017, Pirk filed a supplemental *Brady* request concerning the Chosen Few motorcycle club investigation. (Dkt. 543). On March 31, 2017, the Government filed a response in opposition to Pirk's supplemental motion. (Dkt. 550).

Oral argument concerning the non-dispositive discovery motions filed by Pirk, Scanlon, and McIndoo was held before Magistrate Judge Roemer on March 17, 2017. (Dkt. 536). On April 25, 2017, Magistrate Judge Roemer issued a Decision and Order resolving Defendants' non-dispositive discovery motions. (Dkt. 568).

---

[2] Defendants Timothy Enix and Filip Caruso also moved to unseal the affidavit. (Dkt. 392-7 at 35 (Enix); Dkt. 467 at ¶¶ 45-48 (Caruso)). Further, as noted by Magistrate Judge Roemer, each defendant moved to join the discovery motions by his co-defendants, and Magistrate Judge Roemer concluded that his decisions would apply to all other Defendants, to the extent applicable. (Dkt. 568 at 3).

On May 10, 2017, this Court issued a Text Order requiring any appeals of Magistrate Judge Roemer's Decision and Order to be filed by May 30, 2017. (Dkt. 583). On May 30, 2017, Pirk and Scanlon each timely filed an appeal of Magistrate Judge Roemer's Decision and Order. (Dkt. 614 (Pirk); Dkt. 615 (Scanlon)). On May 31, 2017, McIndoo filed his appeal. (Dkt. 616). The Government filed its memoranda in opposition to the appeals on June 28, 2017. (Dkt. 649 (Scanlon Opp.); Dkt. 650 (Pirk Opp.); Dkt. 651 (McIndoo Opp.)). Scanlon filed a reply in further support of his appeal on July 14, 2017 (Dkt. 675), followed by a notice of supplemental authority on July 19, 2017 (Dkt. 677). The Government filed a response to the supplemental authority on July 20, 2017, as well as a motion to strike the supplemental authority, which the Court denied. (Dkt. 683; Dkt. 687). McIndoo filed a reply on July 25, 2017. (Dkt. 694).

## DISCUSSION

Because Defendants appeal to this Court from a non-dispositive Decision and Order issued by Magistrate Judge Roemer, in order to warrant reversal by this Court, they must demonstrate that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of*

*Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotation omitted)).

I. **Pirk's Objection to the Denial of *Brady* Material**

Pirk objects to Magistrate Judge Roemer's denial of Pirk's request for *Brady* material arising from the Government's investigation of the Chosen Few, a rival motorcycle club, from 2006 to 2008. (Dkt. 568 at 10-11; Dkt. 614). According to Pirk, the FBI had investigated a "so-called 'war'" between the Chosen Few and the Lonely Ones Motorcycle Club, leading to "indictments against various enterprises and individual defendants," but not the KMC, which was alleged to be a victim of the Chosen Few. (Dkt. 434 at ¶ 131; Dkt. 614 at 3). In his motion pursuant to *Brady*, Pirk requested all information known to the Government—including FBI reports, memoranda, affidavits, and other documents—that refer to the KMC or its members and that do not characterize the KMC as a "one percent" club. (Dkt. 434 at ¶ 133; Dkt. 614 at 4). Pirk also requested any mention of him in the investigation of the Chosen Few or, if he was not mentioned in the investigation, a disclosure of that fact. (Dkt. 434 at ¶ 134; Dkt. 614 at 4).

Magistrate Judge Roemer concluded that the information Pirk requested was "beyond the purview of *Brady*" because "the mention or lack of mention of defendants during the Chosen Few investigation may not be affirmatively incriminating, but neither is it exculpatory." (Dkt. 568 at 10). Magistrate Judge Roemer also concluded that the Government, which represented that it had uncovered no exculpatory information within

the Chosen Few file, had complied with its *Brady* obligations as to the Chosen Few investigation. (*Id.* at 11).

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. The Government has the duty to disclose *Brady* information even without a request by the defense. *United States v. Agurs*, 427 U.S. 97, 107 (1976). The information includes not just evidence that affirmatively exculpates a defendant, but also may include information that impeaches the credibility of Government witnesses. *See United States v. Bagley*, 473 U.S. 667, 676-77 (1985); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

*Brady* information must be disclosed in time for its effective use at trial. *United States v. Coppa*, 267 F.3d 132, 135, 142 (2d Cir. 2001) ("[T]he prosecutor must disclose 'material' (in the *Agurs/Bagley* sense) exculpatory and impeachment information no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made."). It is the responsibility and problem of the prosecutor to ensure compliance with the Government's *Brady* obligations. *Id.* at 143, 146. *Cf. United States v. Rodriguez*, 496 F.3d 221, 225-26 (2d Cir. 2007) (explaining "special role" prosecutor plays in "the search for truth in criminal trials" and how that is juxtaposed with *Brady* obligations (quotations omitted)).

Pirk argues that Magistrate Judge Roemer erred in his decision on Pirk's request for disclosure of materials stemming from the Chosen Few prosecution by not

considering that the Chosen Few prosecution involved the KMC and its "purported conduct during the specific time period that the government is now alleging that the KMC operated as a criminal enterprise." (Dkt. 614 at 11). In other words, according to Pirk, Magistrate Judge Roemer did "not address the critical point that Mr. Pirk is charged in a RICO conspiracy fully dependent on the KMC's status as a criminal enterprise *before* the substantive acts and overt acts of Mr. Pirk allegedly occurred (2012-2016)." (*Id.*).

The Court finds no clear error in Magistrate Judge Roemer's decision to deny Pirk's request for disclosure of materials stemming from the Chosen Few prosecution. As an initial matter, in its December 12, 2016, Decision and Order, the Court disagreed with the notion that evidence that the KMC leadership rejected becoming a "one percent" club constituted *Brady* material:

> As part of his motion, Defendant [Pirk] also sought from this Court an order, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), that the Government produce any evidence in its possession that the KMC board of directors rejected becoming a one percent club in 2013-2015. (Dkt. 348 at 2). This Court agrees with the Government (Dkt. 364 at 36-41) that any such information would be better known by Defendant, as opposed to the Government, and therefore it does not appear to be within the scope of *Brady. See United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) ("Evidence is not 'suppressed' if the defendant either knew, . . . or should have known, . . . of the essential facts permitting him to take advantage of any exculpatory evidence."). In any event, this Court declines to issue any such order, at least at this time, for the reasons articulated in its Decision and Order filed on October 3, 2016. (Dkt. 327).

(Dkt. 402 at 18 n.6). This applies with equal force to Pirk's current request for discovery arising out of the Chosen Few prosecution. On its face, reference to the KMC as not constituting a "one percent" club in the investigation of another motorcycle club does not

appear to be appropriately characterized as evidence material either to guilt or punishment under *Brady*.

Further, the Court finds unpersuasive Pirk's argument that Magistrate Judge Roemer failed to consider the relevant timeline of the Indictment in denying Pirk's request. The fact that the Chosen Few investigation and prosecution occurred during the relevant timeframe of the instant Indictment does not necessarily mean that there is *Brady* material stemming from the Chosen Few investigation. As Magistrate Judge Roemer concluded, "[t]he agents, prosecution team, witnesses, recordings, and physical evidence gathered in this case is completely different than in the Chosen Few investigation," and "[t]he Indictment here charges different individuals with different crimes arising from separate events." (Dkt. 568 at 11).

Because nothing in the record before the Court suggests that any *Brady* violations have occurred, and in light of the Government's representations concerning its compliance with *Brady* and its intent to continue to comply with its obligations in that regard, including through its independent review of the Chosen Few file, the Court finds Magistrate Judge Roemer's Decision and Order regarding Pirk's request neither clearly erroneous nor contrary to law.

II. **McIndoo's Objection to the Denial of Defense Discovery Motions**

McIndoo objects to Magistrate Judge Roemer's denial of the defense discovery motions pursuant to Fed. R. Crim. P. 16, contending that Magistrate Judge Roemer did not address his proposed alternative approach to discovery, which would require the Government "to inform the court and the defense of what materials it has, and account for

what it was refusing to disclose." (Dkt. 616 at 5). According to McIndoo, "the rights of the accused cannot be meaningfully enforced where neither the Court nor the accused know what the government is *refusing* to disclose." (*Id.* at 11).

Contrary to McIndoo's arguments, however, Magistrate Judge Roemer addressed—and rejected—this proposal:

> In addition to the general Rule 16 demands made by all defendants, defendant McIndoo requests the Government provide: (1) an inventory of all matter in its possession which is in any way relevant to the instant charges; (2) a list of what materials, within that matter, have not been disclosed; and (3) an explanation as to why those materials are not subject to disclosure. The Federal Rules of Criminal Procedure do not entitle defendants to this type of inventory. Further, there is no evidence here to suggest that the Government is withholding discoverable information, has failed to comply with the rules of discovery in general, or is otherwise acting in bad faith. If defendants become aware of such evidence, they may bring it to the attention of the Court.

(Dkt. 568 at 5). The Court finds that Magistrate Judge Roemer's rejection of this proposal was neither clearly erroneous nor contrary to law. "The defendant must make a *prima facie* showing of materiality, and must offer more than the conclusory allegation that the requested evidence is material." *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013) (citations and quotation omitted); *see also United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (stating, in appeal alleging breach of Rule 16, that "[t]o prevail, . . . [the defendant] must demonstrate that the [documents] are material to the preparation of his defense"). In short, the burden is not on the Government to show what is material and discoverable under Rule 16, and as Magistrate Judge Roemer concluded, Rule 16 does not require the Government to provide an inventory of all discovery materials in its possession. *See* Fed. R. Crim. P. 16(a)(1).

McIndoo also contends that Magistrate Judge Roemer ignored "clear evidence" that the Government is withholding Rule 16 materials and, according to McIndoo, putting an "evidentiary burden on the accused." (Dkt. 616 at 11-15). In particular, he takes issue with Magistrate Judge Roemer's denial of the request for disclosure of witness statements, arguing that Magistrate Judge Roemer made a "significant mistake in assuming that the government cannot be ordered 'to produce the statements of individuals who are not testifying at trial.'" (*Id.* at 12). According to McIndoo, a statement by a non-testifying witness is not a "statement" for purposes of § 3500, and as a result, "the apparent bar on discovery in § 3500(a) does not apply." (*Id.* at 12-13).

This argument lacks merit. Magistrate Judge Roemer did not conclude that non-testifying witness' statements are categorically not subject to disclosure. As Judge Roemer pointed out, a non-testifying witness' statement that contains exculpatory material, or information that would impeach the credibility of a Government witness, would be subject to disclosure under *Brady*, 373 U.S. at 87, and *Giglio*, 405 U.S. at 154-55.

As to whether this information is discoverable under Rule 16, one court within this district has held that "neither the Jencks Act nor Fed. R. Crim. P. 16(a) authorize pretrial disclosure of statements from non-testifying witnesses." *United States v. Longo*, 70 F. Supp. 2d 225, 239 (W.D.N.Y. 1999). However, even if Rule 16 authorizes the disclosure of such statements, *see United States v. Marshak*, 364 F. Supp. 1005, 1007-08 (S.D.N.Y. 1973) ("The restriction in [former] Rule 16(b) which prevents the disclosure of statements of witnesses or prospective witnesses does not apply to those people whom

- 10 -

the government in good faith does not intend to call at trial. The statements therefore do fall within the tangible property category of discoverable materials within Rule 16(b)."), to be discoverable the statements would need to be "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). The mere claim that a non-testifying witness' statement is "material" is insufficient.

> Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would . . . enable[] the defendant significantly to alter the quantum of proof in his favor.

*Maniktala*, 934 F.2d at 28 (citations omitted).

McIndoo has not made the requisite showing of materiality. *See Urena*, 989 F. Supp. 2d at 261; *Maniktala*, 934 F.2d at 28. In other words, he has not shown that any non-testifying witness statements or other purportedly withheld evidence would enable him to significantly alter the quantum of proof in his favor. (*See* Dkt. 383). While the Court appreciates that McIndoo cites to his lack of knowledge regarding the information being withheld by the Government as impeding his ability to establish materiality, the Court goes back to its initial discussion of McIndoo's objections (and its discussion of Pirk's *Brady* request). In other words, the Government has stated that it is aware of its discovery obligations and will continue to comply with those obligations. (Dkt. 651 at 3, 5-6). Based upon those representations, and the lack of any evidence that those representations are inaccurate or that the Government has failed to comply, there is no reason for the Court to step in and micromanage the discovery in this case. *See, e.g., United States v. Cruz*, No. 10-CR-188A(Sr.), 2012 WL 2255295, at *1 (W.D.N.Y. June

15, 2012) (denying Rule 16 requests based on government's representation that it has complied with Rule 16); *United States v. Barret*, 824 F. Supp. 2d 419, 453-54 (E.D.N.Y. 2011) (denying order compelling the government to comply with its Rule 16 obligations as unnecessary, given that the government had made numerous Rule 16 disclosures, which gave substantial support to the government's representation that it has complied with its Rule 16 obligations and would continue to do so). Absent any showing to the contrary, the Court finds no clear error in Magistrate Judge Roemer's ruling on the disclosure of witness statements.

### III. Search Warrant Affidavit

Scanlon and McIndoo object to Magistrate Judge Roemer's denial of the request to unseal the search warrant affidavit. (Dkt. 615 (Scanlon); Dkt. 616 at 16-21 (McIndoo)). The Court reserves decision on these appeals to the extent that they object to this aspect of Magistrate Judge Roemer's Decision and Order. Oral argument concerning this issue will be held before the undersigned on August 16, 2017, immediately following the status conference at 11:00 A.M., at the U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202.

### CONCLUSION

For the foregoing reasons, the appeals of Magistrate Judge Michael J. Roemer's Decision and Order (Dkt. 568) filed by Pirk, Scanlon, and McIndoo (Dkt. 614; Dkt. 615; Dkt. 616) are denied, except to the extent that Scanlon and McIndoo appeal the denial of the request to unseal the search warrant affidavit, on which the Court reserves decision

and sets oral argument, which will take place before the undersigned on August 16, 2017, at 11:00 A.M., at the U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: August 2, 2017
Rochester, New York